IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01609-KLM

INTELLIGENT DESIGNS 2000 CORPORATION, a Colorado corporation,

    Plaintiff,

v.

CCM ASSEMBLY & MANUFACTURING, INC., doing business as BajaRack Adventure Equipment, a California company,

    Defendant.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff Intelligent Designs 2000 Corporation's Motion for Leave to File an Amended Complaint (With Incorporated Certificate of Compliance)** [#17][1] (the "Motion"). The Motion purports to comply with D.C.COLO.LCivR 7.1(a) by stating:

> Pursuant to D.C.COLO.LCivR 7.1(a), counsel for ID2 and CCM have conferred on the relief requested in this Motion, and it is likely CCM will oppose granting of the requested relief.

*Motion* [#17] at 4. This statement does not meet Rule 7.1(a)'s requirements. D.C.COLO.LCivR 7.1(a) provides as follows:

> Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty.

"[T]o satisfy the requirements of Rule 7.1[(a)], the parties must hold a conference, possibly

---

[1] "[#17]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and must compare views and attempt to reach an agreement, including by compromise if appropriate." *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003). The point of the conferral requirement is to have the parties exchange ideas regarding the requested relief and, hopefully, *eliminate through discussion or compromise any issues they can before filing a motion so as to limit the issues brought before the Court. See Carroll v. Allstate Fire and Casualty Ins. Co.*, No. 12-cv-00007-WJM-KLM, 2013 WL 5769308, at *4 (D. Colo. Oct. 24, 2013) ("The purpose of Rule 7.1[(a)] is to decrease the number and length of motions filed in each case."). Plaintiff's statement that Defendant "is likely" to oppose the requested relief does not meet Rule 7.1(a)'s requirements because it does not make clear to the Court whether the Motion is opposed or not.

In addition, if the Motion is opposed by Defendant, it also fails to meet the requirements of D.C.COLO.LCivR 7.1(d), which, in relevant part, states: "a motion involving a contested issue of law shall state under which rule or statute it is filed and be supported by a recitation of legal authority in the motion." The Motion states that it is filed pursuant to Fed. R. Civ. P. 15(a)(2). However, Plaintiff fails to provide *any* legal authority for the requested relief.

For these reasons,

IT IS HEREBY **ORDERED** that the Motion [#17] is **DENIED without prejudice**.

Dated: December 7, 2015